UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JEANNETTE SOTO SANTINI,
    Plaintiff
    v.
RAUL M. ARIAS MARXUACH, *et al.*,
    Defendants.

Civil Action No. 23-0091 (CKK)

MEMORANDUM OPINION
(January 19, 2023)

    This matter is before the Court on consideration of Plaintiff's *pro se* [1] Complaint. In her Complaint, Plaintiff brings claims against Raul M. Arias Marxuach, S. Silvia Carreno-Coll, and Pedro A. Delgado Hernandez, who are District Judges for the United States District Court for the District of Puerto Rico, and William G. Young, who is a Senior District Judge for the United States District Court for the District of Massachusetts (together, "Defendants" or "Judges").

    Plaintiff alleges that the "Judges [are] working… to help Bank Popular of Puerto Rico" regarding alleged mortgage fraud. Compl. at 1. Plaintiff then cites to specific civil lawsuits she brought in United States District Court for the District of Puerto Rico before making claims including "Judicial misconduct: BIAS IN COURT. Federal Court of San Juan, Puerto Rico are making prejudices against me.… The Judges are trying to dismiss all three cases." *Id.* at 2. Plaintiff later writes that "[a]ll Judges denied orders" and "[t]hey want to dismiss my Case," among other allegations. *Id.* at 8. It is difficult to discern what relief Plaintiff seeks; however, the Court reads the Complaint to request both monetary damages[1] as well as for this Court to

---

[1] The Complaint states the following: "If William G. Young worked as a PRIVATE, I will seek all money damages. $12,000", Compl. at 8, and "I have to claim a compensation with all this mess from Puerto Rico", *id.* at 9.

1

vacate the Defendants' decisions in Plaintiff's civil cases in the District of Puerto Rico.[2]

Upon review of Plaintiff's pleadings and the applicable legal standards, the Court dismisses Plaintiff's Complaint for three reasons.

First, the Court concludes that the Defendants named in Plaintiff's Complaint—Judges Marxuach, Carreno-Coll, Hernandez, and Young—are immune from suit. "Judges enjoy absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these acts are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). This immunity extends to any suit challenging past judicial decisions of judges, even if the plaintiff does not seek monetary damages. *See Smith v. Scalia*, 44 F. Supp. 3d 28, 42 (D.D.C. 2014) (KBJ); *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986) (Northrop, J.) "([I]mmunity [is] conferred in suits… in which a party seeks an injunction compelling a judge to alter an earlier decision."); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 135 (D.D.C. 2013) (CKK) ("[I]t is well established that judicial immunity bars claims… for retrospective declaratory relief"). Absolute immunity shields judges from suit because "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 10 (1991). That immunity "is not overcome by allegations of bad faith or malice," *id.* at 11, and applies even if the challenged action was "in error… or was in excess of [the judge's] authority," *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). The "remedy for alleged mishandling of a prior case is not a Bivens action against the… judge, who enjoys absolute immunity, but an appeal or

---

[2] The Complaint states the following: "Everything that Judge William G. Young made, must be VACATE (sic)", Compl. at 3, and that one of Plaintiff's civil cases "must be Annulled, and VACATE the case as Original," *id.* at 4.

appeals in the prior case." *Smith*, 44 F. Supp. 3d at 42 (internal quotation marks omitted).

Absolute immunity applies here because the Defendants were acting in their judicial capacity when they made decisions in Plaintiff's civil cases.  Though it is difficult to follow Plaintiff's Complaint at times, her allegations concern the Judges' actions in three civil cases she brought in the District Court of Puerto Rico: *Soto-Santini v. Banco Popular de Puerto Rico et al.*, No. 3:22-cv-01232-JAG (D.P.R.) (Complaint filed May 19, 2022), *Soto-Santini v. U.S. Marshals*, No. 3:22-cv-1404-CVR (D.P.R.) (Complaint filed Aug. 26, 2022), *Soto-Santini v. Commonwealth of Puerto Rico et al.*, No. 3:22-cv-1405-SCC (D.P.R.) (Complaint filed Aug. 26, 2022).  The Judges' actions, as alleged by Plaintiff, included dismissing one of her cases as against individual defendants, denying her motions, denying her appointed legal representation, and informing her that she did not properly serve defendants.  *See* Compl. at 2–3, 7–8.  Decisions to dismiss a case are "action[s] routinely performed by a judge in the course of litigation, and thus would constitute a judicial act immune from suit."  *Thomas v. Wilkins*, 61 F. Supp. 3d 13, 19 (D.D.C. 2014) (RC).  So, too, are the other actions described by Plaintiff.  Finally, that Plaintiff writes the "Judges [were] working out of their jurisdiction," Compl. at 2, and "[t]hey lost the immunity," ECF No. 4 at 2, does not in fact negate their immunity, especially where Plaintiff fails to put forward any evidence suggesting that the Judges were acting "in the complete absence of all jurisdiction," *Sindram*, 986 F.2d at 1460.  Plaintiff's claims are therefore barred by absolute judicial immunity and her case must be dismissed on these grounds alone.

Second, the Court also concludes that to the extent Plaintiff seeks relief in the form of this Court vacating previous orders issued by Defendants, the Court cannot do so as it lacks subject matter jurisdiction.  A court lacks subject matter jurisdiction when a matter does not present a "case or controversy" within the meaning of Article III.  *Medelius Rodriguez v. U.S.*

*Citizenship & Immigr. Serv.*, 605 F. Supp. 2d 142, 145 (D.D.C. 2009) (PLF).  To demonstrate a redressable injury for the purposes of Article III standing, a plaintiff must show that "a federal court has the power to grant [the plaintiff's requested] relief."  *Swan v. Clinton*, 100 F.3d 973, 976 (D.C. Cir. 1996).  Here, even if Plaintiff could establish entitlement to the requested relief of vacating the decisions made in her three District Court of Puerto Rico civil cases, neither this Court nor any other federal district court would have the power to grant it.

"[I]t is [] well established that federal district courts do not have jurisdiction to reconsider decisions of other federal courts."  *Yi Tai Shao v. Roberts*, No. 18-cv-1233 (RC), 2019 WL 249855, at *14 (D.D.C. Jan. 17, 2019).  This Court "is a trial level court in the federal judicial system," and therefore "generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts."  *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (RCL).  Accordingly, "[t]his Court cannot compel ... other Article III judges in this or other districts or circuits to act."  *Sibley v. U.S. Supreme Ct.*, 786 F. Supp. 2d 338, 345 (D.D.C. 2011) (JDB); *see also Sanders v. United States*, 184 F. App'x 13, 14 (D.C. Cir. 2006); *Lewis*, 629 F. Supp. at 553 (district court lacks the authority to compel another district court to vacate an earlier decision).  It "is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected."  *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995).  To the extent Plaintiff seeks vacatur of the decisions against her in the three District Court of Puerto Rico civil cases, that is not relief this Court has the power to grant and therefore this Court lacks subject matter jurisdiction.

Third, the Court also concludes that it does not have personal jurisdiction over the Defendants in this matter.  A court may possess either "general" or "specific" personal

4

jurisdiction over a party.  *Bristol-Myers Squibb Co. v. Super. Court of Calif.*, 137 S. Ct. 1773, 1779–80 (2017).  In the District of Columbia, courts may exercise general personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief."  D.C. Code § 13–422; *see Pease v. Burke*, 535 F. Supp. 2d 150, 152 (D.D.C. 2008) (EGS).  Here, Plaintiff does not allege, and this Court has no reason to believe, that Defendants are domiciled in the District of Columbia.  Rather, it is presumed that they reside where they sit as Judges—i.e., in Puerto Rico.[3]  Accordingly, there is no basis for this Court to exercise general personal jurisdiction over Defendants.

As for specific personal jurisdiction, courts may exercise such jurisdiction only for claims "based on the acts of a defendant that touch and concern the forum."  *Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 5 (D.D.C. 1996) (Urbina, J.) (citing *Steinberg v. Int'l Criminal Police Org.*, 672 F.2d 927, 928) (D.C. Cir. 1981)).  Plaintiff does not allege any actions that touch and concern the District of Columbia; she only points to lawsuits brought in Puerto Rico.  These lawsuits in no way involve the District of Columbia.  Therefore, there is no basis for the Court to exercise specific personal jurisdiction over Defendants.  Plaintiff even admits various times throughout her pleadings that "[t]he Jurisdiction of this Case is in Puerto Rico."  Compl. at 2; *see also* ECF No. 4 at 2 ("I know Puerto Rico has the Jurisdiction").

For the foregoing reasons, the Court finds that Defendants are immune from suit, the Court lacks subject matter jurisdiction over any claims for vacatur of previous decisions made by Defendants in the District Court of Puerto Rico, and the Court cannot exercise personal

---

[3] In her Complaint, Plaintiff lists the address of the federal courthouse in Puerto Rico as Defendants' address.

jurisdiction over Defendants.  Accordingly, Plaintiff's Complaint is dismissed in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge